**PUEBLO OF SANDIA ex rel. Esquipula CHAVES, Governor, Plaintiff-Appellant,**

v.

**Mortis W. SMITH and Coronado Airport Inn, Inc., Defendants-Appellees.**

**No. 73–1818.**

United States Court of Appeals, Tenth Circuit.

June 11, 1974.

Calvin Hyer, Jr., Albuquerque, N. M. (L. Lamar Parrish, Albuquerque, N. M., with him on the brief), for plaintiff-appellant.

Norman S. Thayer, Albuquerque, N. M., for defendants-appellees.

Before PICKETT, HILL, and BARRETT, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from an order granting summary judgment in an action for trespass to airspace.

Appellant Pueblo of Sandia is a duly recognized Indian tribe residing in the State of New Mexico. Appellee Coronado Airport is a New Mexico corporation engaged in the business of operating a small, privately run airport, and appellee Smith is its owner. The land on which the airport is located is immediately adjacent to, and abuts, land owned by appellant. The airport operates two runways, one being a north-south runway which ends at the boundary line of appellant's land.

On March 3, 1973, appellant instituted suit against appellees in the United States District Court for the District of New Mexico. The complaint alleged that airspace necessary for approaches and departures on the airport's north-south runway extended over and trespassed on, appellant's land. Damages, injunctive relief, and an order requiring appellees to purchase a permanent easement were requested. Jurisdiction was founded on 28 U.S.C. § 1362.

Appellees answered and moved for summary judgment on the grounds, inter alia, that no genuine issues of material fact existed and that the complaint did not state a claim of actionable trespass. Appellees supported the motion with an affidavit indicating appellant's land, for a distance of 3.4 miles from the boundary line, was uninhabited, unimproved and vacant.

Appellant opposed the motion and also provided affidavits. The affidavit of a real estate appraiser stated appellees' operation adversely affected the market value of appellant's land for potential commercial development. An agricultural engineer stated, in his affidavit, that he observed ascending and descending aircraft on June 21, 1973, and that forty-one of sixty-eight airplanes crossed appellant's boundary line at heights of 150 feet or less.

The trial court granted appellees' motion for summary judgment on the grounds no genuine issue of material fact existed and because appellant failed to show interference with actual, as distinguished from potential, use of its land.

Appellant's main issue on appeal is that use need not be shown. Trespass, it asserts, is the entry on or interference with another's realty or the airspace above it. The action being possessory in nature, interference with possession, and not use, is all that must be shown. Since an owner's right to possession extends upward to the point of possible or

potential possession, appellant argues, low level flights over its land amount to an actionable trespass.

Appellant's theory has its origin in the common law doctrine that ownership of land extends to the periphery of the universe. This theory, however, was severely limited in United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946), where the Supreme Court declared federal statutes, together with administrative regulations, had the effect of making the airspace above prescribed minimum altitudes of flight a public highway.[1] Attempting to strike a balance between the interests of landowners and the aircraft industry the Court, in effect, divided the airspace into two strata. The landowner owned the airspace within the "immediate reaches" of the surface of his land, but the upper air was navigable airspace, in the public domain. The Court stated:

> Flights over private land are not a taking, unless they are so low and so frequent as to be a direct and immediate interference with the enjoyment and use of the land.

Other decisions have gone further than to merely limit the extent of possession and have stated liability for trespass to airspace does not exist absent interference with the landowner's actual use, as distinguished from potential use or bare possession.[2]

Thus to recover, a landowner must allege and prove that low level flights are within the immediate reaches of, and interfere with the actual use of, his land.[3] When the present case is considered in this context, we cannot conclude that the trial court erred in granting appellee's motion for summary judgment. The complaint did not allege, and the accompanying affidavits did not show, a substantial interference with the actual use of appellant's land.

Nor does the record support a conclusion that appellant has sustained actual injuries or damages. Appellant contends the allegation and proof of actual damages is unnecessary because violation of a landowner's possessory right constitutes a trespass for which at least nominal damages are presumed. This is ordinarily true when trespass to realty is concerned. But traversing the airspace above a plaintiff's land is not, of itself, a trespass. It is lawful unless done under circumstances which cause injury. United States v. Causby, supra; Hinman v. Pacific Air Transport, 84 F.2d 755 (9th Cir. 1936), cert. den'd, 300 U.S. 654, 57 S.Ct. 431, 81 L.Ed. 865 (1937).

1. *Causby*, which was concerned with the glide path of low level flights, was decided before "navigable airspace" was redefined to include "airspace needed to insure safety in take-off and landing of aircraft." 49 U.S.C. § 1301(24). *See also* 14 C.F.R. §§ 91.79, 91.85 and 91.89. Subsequent decisions, however, have not denied landowners recovery for flights which are in the navigable airspace but nonetheless interfere with use of the immediate reaches. *See, e. g.,* Griggs v. Allegheny County, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962); Speir v. United States, 485 F.2d 643 (U.S.Ct.Cl.1973).

2. *See, e. g.,* Griggs v. Allegheny County, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962); Hinman v. Pacific Air Transport, 84 F.2d 755 (9th Cir. 1936), cert. den'd, 300 U.S. 654, 57 S.Ct. 431, 81 L.Ed. 865 (1937); City of Newark v. Eastern Airlines, Inc., 159 F.

Supp. 750 (D.N.J.1958). *See also* Restatement (Second) of Torts, Explanatory Notes § 159, comment k at 283 (1965), which states in part: "Subsequent Federal cases have limited the trespass liability to such cases, so that, even though there is a flight below the prescribed minimum altitude, there is no trespass unless there is such interference with actual, as distinguished from potential, use."

3. This is in accord with the view adopted in Restatement (Second) of Torts § 159(2) (1965), which states:
   (2) Flight by aircraft in the airspace above the land of another is a trespass if, but only if,
   (a) it enters into the immediate reaches of the airspace next to the land, and
   (b) it interferes substantially with the other's use and enjoyment of his land.

Alternatively, appellant contends the trial court should have considered its allegation of a decreased market value for potential use as an element of damages. It appears, however, that low level flights must be a direct, immediate and present cause of injury, and not speculative or a mere possibility. *See, e. g.,* Freeman v. United States, 167 F. Supp. 541 (W.D.Okl.1948). Nor do we consider as persuasive appellant's argument that the trial court failed to consider present damages. No present and substantial interference with the existing use of the land was shown. The record discloses that the nearest improvement on appellant's land is 3.4 miles from the boundary line adjoining appellees' runway, and that the land is uninhabited and put to no use whatsoever. Moreover, appellees stated that flights would proceed at higher altitude if appellant's land were put to some use.

Appellant also asserts the trial court lacked jurisdiction to determine the respective rights of the parties in a summary proceeding. This argument fails to distinguish between a summary and a plenary proceeding. We are not here faced with a summary trial,[4] which would be improper, but with an expeditious procedure for summary judgment in an ordinary, plenary action. This is entirely proper under Rule 56 F.R.Civ. P., and appellant's argument is therefore without merit.

Appellant's other issues, that genuine issues of material fact existed as to present damages and the exact altitude of aircraft, need not be considered. The record discloses no damages, and our decision makes immaterial the exact altitude of the aircraft.

Affirmed.

4. "The main characteristic differences between a summary proceeding and a plenary suit are: The former is based upon petition, and proceeds without formal pleadings; the latter proceeds upon formal pleadings. In the former, the necessary parties are cited in by order to show cause; in the latter, formal summons brings in the parties other than the plaintiff. In the former, short time notice of hearing is fixed by the court; in the latter, time for pleading and hearing is fixed by statute or by rule of court. In the former, the hearing is quite generally upon affidavits; in the latter, examination of witnesses is the usual method. In the former the hearing is sometimes ex parte; in the latter, a full hearing is had." New Hampshire Fire Ins. Co. v. Scanlon, 362 U. S. 404, 80 S.Ct. 843, 4 L.Ed.2d 826 (1960).