607 P.2d 122

Roy B. THOMPSON and Helen L.
Thompson, Plaintiffs-Appellees,

v.

William Francis FAHEY,
Defendant-Appellant.

No. 12436.

Supreme Court of New Mexico.

Feb. 7, 1980.

Rehearing Denied March 13, 1980.

Arthur L. Bustos, Las Vegas, for defendant-appellant.

Roberto L. Armijo, Las Vegas, for plaintiffs-appellees.

## OPINION

EASLEY, Justice.

Thompson filed suit to enjoin Fahey for trespassing on land Fahey allegedly sold to Thompson, for damages resulting from this trespass, and for an order requiring Fahey to accept final payment on a note and to release the mortgage Fahey holds. The trial court granted Thompson's summary judgment motion for the injunction and order, but denied him damages for the trespass after a hearing on the merits on that issue alone. Fahey appeals the summary judgment; Thompson cross-appeals the denial of damages. We reverse on both points.

At issue is whether summary judgment was improper because a genuine issue of material fact exists and whether a denial of damages was improper even after a finding of trespass.

In 1965 Fahey entered a contract purporting to sell to Thompson approximately 6,500 acres for $300,000.00. Subject to a final survey indicating the exact acreage to be conveyed, the contract provided that $46.00 per acre would be deducted from the purchase price in the event that there was less than 6,500 acres. A thirty-three acre

tract was specifically excluded in the contract from the transaction.

Fahey asserts that this *thirty-three acre tract* was erroneously included in the survey description and thereby erroneously incorporated into the deed he signed at the closing. Both parties admit, and the trial court found, that Fahey had sporadically run his cattle on this tract for the ten years between the signing of the deed and the filing of this suit. Thompson claims that the nearly *twenty-nine acres* here in question is not part of the thirty-three acres specifically excluded in the contract; Thompson claims that since this acreage was excluded from the sale it did not have to be, and in fact was not, included in the survey. Thompson apparently asserts that the location of this specifically excluded acreage is "up in the air". In the alternative, Thompson claims that if this nearly twenty-nine acres is part of the thirty-three acre exclusion, then he has acquired title by adverse possession, despite Fahey's sporadic use of the land.

Fahey claims that an additional but separate nineteen acre tract was also included erroneously in the survey and deed. Thompson asserts that this tract was properly included in the deed.

Summary judgment is a drastic remedy to be used with caution. *Pharmaseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977). So long as one issue of material fact exists it may not be properly granted. *Id.* at 756, 568 P.2d at 592. We think it is clear that it was improperly granted in this case. At least two issues of material fact, going to the merits of this case, exist. Both the location of the disputed, specifically excluded tract and the intent of the parties at the time they entered into the contract raise material factual issues. The intent question addresses the problems of the location of the excluded tract and whether an incorrectly described tract was included in the survey. In addition, Fahey raises other factual issues concerning the actual acreage involved in the sale and, thereby, the correct purchase price.

Although the trial court found that Fahey had trespassed on Thompson's land, it denied Thompson's claim for damages. If after a full trial on the merits, the trial court concludes that the disputed tract is indeed Thompson's, a rehearing on the damage issue would not be necessary. But a finding of intentional trespass raises the presumption of at least nominal damages. *See Pueblo of Sandia ex rel. Chaves v. Smith*, 497 F.2d 1043 (10th Cir. 1974). Since both parties agreed, and a good deal of evidence in the record indicates, that Fahey sporadically pastured his cattle on this disputed tract for ten years, the trial court is reversed on this point as a matter of law. At the minimum, an award of nominal damages was appropriate under these facts.

We reverse and remand to the trial court for proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

FEDERICI and FELTER, JJ., concur.