749 F.2d 591
 21 Ed. Law Rep. 791
 Matias MAESTAS, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF the MORA INDEPENDENT SCHOOL DISTRICT,
Lazaro "Larry" Garcia, John Martinez, Samuel Olivas, and
Jose B. Sanchez, individually and as members of the Board of
Education of the Mora Independent School District, Horacio
B. Martinez, individually and as Superintendent of the Mora
Independent School District, Defendants-Appellees.
Inez ABEYTA, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF the MORA INDEPENDENT SCHOOL DISTRICT,
Lazaro "Larry" Garcia, John Martinez, Samuel Olivas, and
Jose B. Sanchez, individually and as members of the Board of
Education of the Mora Independent School District, Horacio
B. Martinez, individually and as Superintendent of the Mora
Independent School District, Defendants-Appellees.
 Nos. 83-1938, 83-2088.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 21, 1984.
 
 Carl Bryant Rogers of Roth, Van Amberg, Gross, Amarant & Rogers, Santa Fe, N.M. (Ronald J. Van Amberg, Santa Fe, N.M., with him on brief), for plaintiffs-appellants.
 Benjamin Phillips of White, Koch, Kelly & McCarthy, P.A., Santa Fe, N.M. (Celia Foy Castillo and W. Booker Kelly, Santa Fe, N.M., with him on briefs), for defendants-appellees.
 Before HOLLOWAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 These two cases were consolidated by this court for the purposes of appeal and will be considered together in this opinion.
 
 
 2
 The plaintiff Matias Maestas (in 83-1938) sought money damages against all the defendants who include the Board, the members of the Board individually and in their official capacities, and the District Superintendent in both capacities. He asked for injunctive and declaratory relief against the Board. His contract as Assistant Superintendent for the District had not been renewed. He alleged that it was not renewed because he did not make campaign contributions for the Board chairman's candidacy, because he supported a school bond issue opposed by some Board members and by reason of his support of a candidate for the Board running against an incumbent.
 
 
 3
 The plaintiff Inez Abeyta brought her action for money damages, for injunctive and declaratory relief for not renewing her employment as bookkeeper of the District. The defendants were the same as in the Maestas suit.
 
 
 4
 Before trial in both cases the trial court dismissed under the Eleventh Amendment the complaints against the Board and its officials and the Superintendent in their official capacities. Appeals were taken under Rule 54(b).
 
 
 5
 In addition to the autonomy and financing tests hereinafter considered, the plaintiffs argue that immunity under the Eleventh Amendment has been altered in Sec. 1983 actions by Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 and subsequent cases. Thus in substance it is argued that the strong policy present in Sec. 1983 cases somehow provides a waiver. However, in Pennhurst State School & Hospital v. Halderman, --- U.S. ----, 104 S.Ct. 900, 79 L.Ed.2d 67, the Court stated there was no change and that Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358, held directly that "Sec. 1983 does not override States' Eleventh Amendment immunity."
 
 
 6
 Also in Pennhurst the Court repeated that no action, regardless of the relief sought, can be brought against an Eleventh Amendment board. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, was also there recognized to support challenges under the Constitution against state officials but without the possibility of retroactive relief. However, Ex parte Young was not there extended in any way. See also Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662. The individual defendants herein when sued in their official capacities come within the Eleventh Amendment, other factors being established.
 
 
 7
 The Eleventh Amendment issue requires an examination of the relationship between the school boards and school districts and state government. This examination was made in an opinion in the earlier filed case of Martinez v. Board of Education of Taos Municipal School District, 748 F.2d 1393 (10th Cir.). Reference is made to that opinion and the description and analysis of the state-local school district relationship is adopted in this appeal. The Eleventh Amendment arguments there made are the same as advanced here. We must reach the same conclusion that the local boards and districts are, for the purpose of the Eleventh Amendment, arms of the State of New Mexico, and that judgments in this action would be paid out of state funds.
 
 
 8
 The injunctive relief here sought in reality is directed to past wrongs. Declaratory relief against the Board is not possible as described in Martinez.
 
 
 9
 The dismissals by the trial court in 83-1938, Maestas v. Board, and in 83-2088, Abeyta v. Board, are AFFIRMED.