730 P.2d 464

**Marie EAVENSON, Plaintiff-Appellant,**

v.

**LEWIS MEANS, INC.,
Defendant-Appellee.**

**No. 16198.**

Supreme Court of New Mexico.

Dec. 30, 1986.

Klipstine & Hanratty, James W. Klipstine, Jr., Carlsbad, for plaintiff-appellant.

W.T. Martin, Jr., Carlsbad, for defendant-appellee.

**OPINION**

RIORDAN, Justice.

Marie Eavenson (Eavenson) brought this action against Lewis Means, Inc. (Means)

for the breach of an oral promise for employment. The trial court granted summary judgment for Means. We reverse and remand for trial.

Eavenson was employed by Titan Services, Inc., when Lewis Means, contract operator of a trucking terminal for Whitfield Tank Lines, Inc., approached her and offered her employment at Louis Means, Inc. He offered a salary that was higher than the salary she was making at Titan, plus he offered to provide health insurance for her family and her. He also gave her a prospective starting date for employment. Eavenson accepted the offer of employment and Means acknowledged her acceptance. Subsequently, Eavenson quit her job, but was refused employment by Means. Eavenson brought this action.

The issues on appeal are:

I. Whether granting summary judgment in this case was proper, and

II. Whether the statute of frauds applies.

## I. SUMMARY JUDGMENT

Summary judgment is a drastic remedy which should be used with great caution, *Pharmaseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977). *See Cunningham v. Gross*, 102 N.M. 723, 699 P.2d 1075 (1985). The sole purpose of a summary judgment proceeding is to determine whether a genuine issue of material fact exists. *Cebolleta Land Grant v. Romero*, 98 N.M. 1, 644 P.2d 515 (1982).

This Court frequently has reiterated the standard to be applied in deciding whether a summary judgment should be granted. We have stated that where an appeal is taken from a summary judgment, we will review the testimony in light most favorable to support a trial on the merits. *North v. Public Service Co.*, 97 N.M. 406, 640 P.2d 512 (Ct.App.1982).

■ It was error for the trial court to grant a summary judgment in light of the facts of this case. Eavenson stated during the summary judgment motion that she was not arguing about an employment con-

tract, but rather an "agreement to employ". The issue to be decided at trial is one of promissory estoppel. Promissory estoppel has been defined as: "a promise which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of a promisee and which does not induce such action or forebearance is binding if injustice can be avoided only by enforcement of the promise. Restatement (Second) of Contracts § 90 (1981). The limits of promissory estoppel are: (1) the detriment suffered in reliance must be substantial in an economic sense; (2) the substantial loss to the promisee in acting in reliance must have been foreseeable by the promisor; (3) the promisee must have acted reasonably in justifiable reliance on the promise as made." Laurence P. Simpson, *Contracts* (1965). Implementation of this doctrine "requires reliance upon a promise." J. Calamari and J. Perillo, *Contracts*, 202 (2d ed. 1977).

Upon reading the pleadings, the transcript of the proceedings, and depositions of the parties, it appears there are genuine issues of fact to be decided in this case, i.e., did Eavenson rely on Means' promise; if so, did Eavenson suffer economic loss as in reliance on Means' promise; were Eavenson's acts in reliance foreseeable by Means; and did Eavenson act reasonably in justifiable reliance on Means' promise to hire her? These are all issues of fact for the trier of fact to decide. Therefore, granting the summary judgment was improper in this case where a genuine issue of fact exists.

## II. STATUTE OF FRAUDS

The general purpose of the statute of frauds is to "protect against fraud; it is not intended as an escape route for persons seeking to avoid obligations undertaken by or imposed upon them." *Pattison Trust v. Bostian*, 90 N.M. 54, 56, 559 P.2d 842, 844 (Ct.App.1976), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977), (quoting *Keirsey v. Hirsch*, 58 N.M. 18, 265 P.2d 346 (1953)).

In *Westerman v. City of Carlsbad,* 55 N.M. 550, 237 P.2d 356 (1951), this Court addressed the issue of whether recovery could be had in an action for reasonable value of service actually rendered under an alleged oral contract of employment for minimum term of two years, notwithstanding the statute of frauds. We held that such recovery may be had. We stated that the party claiming equitable estoppel must lack knowledge of the true facts; rely on the conduct of the party estopped and act on the promise to her detriment. Under the facts of the case at bar, Eavenson lacked knowledge of the true fact that Means would not hire her. She relied on the conduct of Means, the party estopped. Further, she acted on Means' promise to her detriment. She quit her job and lost money and her job as a result of her actions in reliance on Means.

The Tenth Circuit Court of Appeals affirmed that the doctrine of promissory estoppel can apply to an otherwise unenforceable employment contract in *Glasscock v. Wilson Constructors, Inc.,* 627 F.2d 1065 (10th Cir.1980). The trial court denied a motion for summary judgment on the grounds that the doctrine of promissory estoppel could be available to avoid the application of the statute of frauds.

This same query was addressed in *Oxley v. Ralston Purina Co.,* 349 F.2d 328 (6th Cir.1965). The court affirmed the application of the doctrine of equitable estoppel to deny invoking the statute of frauds as an affirmative defense under the facts of the case. Oxley brought the action against Ralston Purina for breach of oral contract dealing with a hog-leasing program. The court held that the oral agreement, which was not to be performed within a year, should be enforced against Ralston Purina because the farmer relied upon the agreement and had made extensive investments upon such reliance.

We distinguish *Gonzales v. United Southwest National Bank of Santa Fe,* 93 N.M. 522, 602 P.2d 619 (1979). In that case the court dealt with the issue of an employee with a written contract for a three-year period of performance. Gonzales, the employee, argued that the employment agreement provided for lifetime or permanent employment if he competently handled his job and that he could only be discharged for good cause. In the alternative, Gonzales argued that if the contract was not a lifetime contract, the contract was automatically renewed. We held that a contract for permanent employment must be supported by additional consideration other than performance of duties and payment of wages or it is a contract for an indefinite period. *Id.* at 524, 602 P.2d at 621. Additionally, the contract in question contained an option for renewal clause which specifically implied that the parties must affirmatively exercise the option. *Id.*

Gonzales further argued that if the Statute of Frauds were applicable, the bank should be estopped from asserting it. But unlike the Eavenson case, the *Gonzales* case presented no facts to substantiate the claim of estoppel. Therefore, the *Gonzales* case is clearly distinguishable.

In the present case, if the elements of promissory estoppel are proven in court, then the application of the statute of frauds is not available for Means.[1]

We reverse the summary judgment and remand this case back to the trial court for a trial on the merits.

IT IS SO ORDERED.

WALTERS, J., and SOSA, Senior Justice, concur.

---

1. Although the issue of damages is not before the court on this appeal, should it become a question for the trial court, we commend the trial court to the following cases: *Griffin v. Burns,* 431 F.Supp. 1361 (D.R.I.1977) (appropriate remedy under all circumstance was specific performance); *Kinzlie v. City of Santa Cruz,* 539 F.Supp. 887 (N.D.Cal.1982) (Court of equity has broad powers to tailor remedies); *Swinerton & Walberg Co. v. City of Inglewood Los Angeles Co. Civic Center Authority,* 40 Cal.App.3d 98, 114 Cal.Rptr. 834 (court limited damages to plaintiffs losses sustained in reliance, rather than his expected profit). *See also Corbin on Contracts,* §§ 193–200 (Kaufman Supp., 1984).