**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

NATIONAL CLINICAL TECH., INC.,
and SPINE AND MUSCLE REHAB., INC.,
a wholly owned subsidiary of NATIONAL
CLINICAL TECH. INC.,

      Plaintiffs-Appellees/
      Counter-Defendants,

v.                                     **NO. 29,347**

CHRISTY VALDEZ f/k/a CHRISTY
ROGERS, SPINE AND MUSCLE
TREATMENT CTR. OF NEW MEXICO,
INC., AMY MIRANDA FLYNN, JANA L.
HORVATH, JULIET A. RICCI, JOSH
WHITE, LISA MARIE JACOBS, MICHELLE
DUGGINS, MAURA C. FITZPATRICK, and
VALERIE ALVARADO,

      Defendants-Appellants/
      Counter-Plaintiffs/
      Third-Party Plaintiffs-Appellants,

v.

LOUIS H. SANDERS, ALLAN L. WAINWRIGHT,
TRINA KNISKERN, TIARA QUERING, and KEN
ABBOTT,

      Third-Party Defendants-Appellees.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
William F. Lang, District Judge

Allan L. Wainwright

Albuquerque, NM

for Plaintiffs-Appellee/
Counter-Defendants

Peter Everett
Albuquerque, NM

for Defendants-Appellants/
Counter-Plaintiffs/Third-Party
Plaintiffs-Appellants

John M. Brant
Albuquerque, NM

for Third-Party Defendants-Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Third-party plaintiffs-appellants Christy Valdez, et al. (collectively, Valdez) appeal the district court's dismissal of their complaint against third-party defendant-appellee Allan Wainwright. This Court's calendar notice proposed summary affirmance of the district court. Wainwright filed a memorandum in support of our proposed summary disposition and Valdez filed a memorandum in opposition, which we have duly considered. We affirm the district court's dismissal of the third-party complaint against Wainwright.

**Issue:** In the course of a lawsuit related to business agreements between

plaintiffs National Clinical Technology, Inc., et al., (NCT) and defendants Valdez, Valdez filed a third-party complaint against attorney Allan Wainwright and four other named individuals. [RP 212-235] Wainwright is the attorney who filed the original complaint against Valdez on behalf of NCT in litigation that is ongoing. [RP 7] The third-party complaint alleges eight counts: (1) malicious abuse of process, (2) business interference, (3) fraud, (4) defamation, (5) promissory estoppel, (6) malicious bad faith breach of contract, (7) perjury, and (8) theft and exploitation of intellectual property. [RP 224-35] Wainwright moved to dismiss the third-party complaint as to him on the basis of Rules 1-012(B)(4) and 1-012(B)(6) NMRA. [RP 304-07] The district court granted the motion but did not elaborate on its reasons for doing so. [RP 345-46] As we lack information to determine whether service of process was insufficient as alleged by Wainwright, we do not rely on Rule 1-012(B)(4). Accordingly, we consider whether dismissal was proper under Rule 1-012(B)(6).

A Rule 1-012(B)(6) defense asserts that the plaintiff has failed to assert a claim upon which relief can be granted. "A motion to dismiss for failure to state a claim under Rule 1-012(B)(6) tests the legal sufficiency of the complaint, accepting all well-pleaded factual allegations as true." *Ruegsegger v. Western N.M. Univ. Bd. Of Regents*, 2007-NMCA-030, ¶ 11, 141 N.M. 306, 154 P.3d 681 (internal quotation marks and citation omitted). "The motion will only be granted if the law does not

support a plaintiff's claim under any set of facts subject to proof." *Id.* (internal quotation marks and citation omitted). We review rulings on Rule 1-012(B)(6) motions de novo. *Id.*

We agree with Wainwright's assertion in his motion to dismiss that counts 5, 6, and 7 are not directed at him, as they specifically refer to one of the other third-party defendants (Louis Sanders) and NCT. [RP 306, ¶ E] Thus, we conclude that the district court correctly dismissed those counts.

As for the other counts, we first observe that the third-party complaint refers to Wainwright as Louis Sanders's attorney. [RP 228, ¶ 6] Further, the district court had before it information that Wainwright was attorney for NCT, plaintiffs in the main action. [RP 7] Nothing in the docketing statement or that we have found in the record proper indicates that Wainwright should be treated in any other capacity with respect to the third-party action. That is, there is no assertion that Wainwright has any partnership, ownership, managerial, or other status with respect to the other third-party defendants or NCT. Valdez's assertion in the memorandum in opposition that some such interest may be shown in the future [MIO 7-8] is of no avail, as we base our analysis on the well-pleaded factual allegations in the third-party complaint. We analyze dismissal of the remaining counts keeping in mind that Wainwright's involvement in this action is as an attorney advocating for his clients.

4

Count I alleges malicious abuse of process. The elements malicious abuse of process are: (1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages. *Durham v. Guest*, 2009-NMSC-007, ¶ 29, 145 N.M. 694, 204 P.3d 19. "[W]e emphasize that the tort of malicious abuse of process should be construed narrowly in order to protect the right of access to the courts." *Id.* Valdez's malicious abuse of process claim appears to be based on Wainwright's filing of the main action in the present case. [RP 226-28] We understand that certain injunctive relief has been granted in the main action, and that this action is otherwise ongoing in the district court. In these circumstances, there is not yet any basis for determining whether the motive for use of process was "to accomplish an illegitimate end." Accordingly, we conclude that dismissal of this count was proper.

New Mexico cases have held that an attorney has no duty toward his or her client's opponent in an action. *See, e.g., Garcia v. Rodey, Dickason, Sloan, Akin & Robb*, 106 N.M. 757, 761, 750 P.2d 118, 122 (1988) (stating, in a negligence context, "An attorney has no duty however to protect the interests of a non-client adverse party for the obvious reasons that the adverse party is not the intended beneficiary of the attorney's services and that the attorney's undivided loyalty belongs to the client.").

In *Garcia*, we further stated, "Historically, our court system has always been adversarial in nature. The role of the attorney therein is to represent and advocate a client's cause of action as vigorously as the rules of law and professional ethics will permit." *Id.*

The remaining causes of action in the third-party complaint—business interference, fraud, defamation, and theft and exploitation of intellectual property—are not ones that require a duty on the part of a defendant with respect to a plaintiff, but the general principle stated in *Garcia* requires dismissal of these four counts as well. The conduct alleged against the individuals named in the third-party complaint appears to be closely related to the conduct alleged against NCT in the counterclaim, which is part of the same filing and specifies the same eight counts. As noted, Wainwright represents NCT. The merits of the counterclaim against NCT have not yet been determined. We conclude that allowing claims against an opposing party's attorney in the same action in which the attorney represents the opponent would have a chilling effect on that attorney's "represent[ing] and advocat[ing] a client's cause of action as vigorously as the rules of law and professional ethics will permit." *Id.*

For the reasons stated above, we affirm the district court's dismissal with prejudice of the third-party claims against Allan Wainwright.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**