536 P.2d 1086

**Carolyn GARZA, Christine Ruiz, and Martha Chavez, Plaintiffs-Appellants,**

v.

**UNITED CHILD CARE, INC., a corporation, Defendant-Appellee.**

**No. 1659.**

Court of Appeals of New Mexico.

May 28, 1975.

James I. Bartholomew, Clyde E. Sullivan, Albuquerque for plaintiffs-appellants.

Michael E. Martinez, Manny M. Aragon, Aragon, Martinez, Garcia & Grass, Albuquerque, for defendant-appellee.

## OPINION

SUTIN, Judge.

Plaintiffs recovered one month's net wages for wrongful discharge from employment and appeal. We affirm.

Plaintiffs' complaint sought reinstatement with recovery of salaries from the date of wrongful discharge until the date of reinstatement.

After trial, plaintiffs requested findings of fact and conclusions of law centered around plaintiffs' readiness to return to employment together with reinstatement and back pay.

The trial court did not determine whether plaintiffs were entitled to reinstatement, but this issue was not raised on appeal. The trial court found that plaintiffs were permanent employees and were subject to discharge only for cause; that plaintiffs were wrongfully discharged; and that they were entitled to damages equal to one month's net pay.

Plaintiffs' only contention on appeal is that the trial court applied an erroneous measure of damages.

Plaintiffs misconceive the meaning of "permanent employee". They contend that

as permanent employees they "could assert a continuing employment relationship which would entitle them to an award of damages commensurate with the value of the contract."

Plaintiffs do not rely on the "Employee Handbook" which they introduced in evidence, nor did they cite any authority to support their contention.

"Permanent employees" as used in the "Employee Handbook" simply makes a distinction between probationary and non-probationary employees. Neither does the record show what the duration of plaintiffs' terms of employment would be.

The rule is uniform that a contract for permanent employment, not supported by any consideration other than performance of duties and payment of wages, is a contract for an indefinite period. It is terminable at the will of either party. A discharge without cause does not constitute a breach of such contract justifying recovery of damages. United Security Life Insurance Company v. Gregory, 281 Ala. 264, 201 So.2d 853 (1967); Mathew v. American Family Mutual Ins. Company, 54 Wis. 2d 336, 195 N.W.2d 611 (1972); Russell & Axon v. Handshoe, 176 So.2d 909 (Fla. App.1965); Annot. Validity and duration of contract purporting to be for permanent employment, 135 A.L.R. 646.

Where a contract for permanent employment provides additional consideration, the employee can recover damages for his discharge when made without just cause. Collins v. Parsons College, 203 N. W.2d 594 (Iowa 1973); Bussard v. College of Saint Thomas, Inc., 294 Minn. 215, 200 N.W.2d 155 (1972); Drzewiecki v. H & R Block, Inc., 24 Cal.App.3d 695, 101 Cal. Rptr. 169 (Ct.App. 5th Dist.1972).

In the instant case, there is no evidence that any consideration, other than employment and payment of wages, was given by defendant to plaintiffs.

"The record does not support plaintiffs' claim that the trial court's award was inadequate because of a mistaken measure of damages." Schrib v. Seidenberg, 80 N.M. 573, 458 P.2d 825 (Ct.App.1969).

Affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.