602 P.2d 619

**Jose GONZALES, Plaintiff-Appellant and Cross-Appellee,**

v.

**UNITED SOUTHWEST NATIONAL BANK OF SANTA FE, New Mexico, a National Banking corporation, Defendant-Appellee and Cross-Appellant.**

**No. 12064.**

Supreme Court of New Mexico.

Nov. 13, 1979.

Chester H. Walter, Jr., Santa Fe, for plaintiff-appellant and cross-appellee.

Solomon, Roth & Van Amberg, F. Joel Roth, Santa Fe, for defendant-appellee and cross-appellant.

## OPINION

PAYNE, Justice.

Gonzales applied to the District Court in Santa Fe County for an order compelling United Southwest Bank of Santa Fe to arbitrate a controversy arising from the Bank's firing of petitioner. The firing was allegedly done without cause and in violation of a previously executed employment contract. From a judgment in favor of the Bank, Gonzales appeals.

Gonzales claimed that the contract was still in effect at the time of his discharge and that arbitration of employment matters was required by the contract as a condition precedent to any action by the Bank affecting his employment. The Bank countered that the employment contract had expired prior to the discharge, relieving it of its duty under the agreement to arbitrate.

The trial court ruled that the issue of whether the contract was in effect at the time of the termination was a matter for the court, and not the arbitrator, to decide. The court found that the contract had expired after three years, that there was no evidence that it had been renewed or extended in writing, as required by the Statute of Frauds, and that, having expired by its terms, it could not be revived and extended by parol agreement. We affirm the district court decision on each point.

There are three issues for resolution in this case. First, was it the province of the court or of the arbitrator to determine the existence and duration of a contract requiring the parties to arbitrate? Second, did this employment contract provide Gonzales with lifetime or permanent employment so long as he conducted bank business competently? Finally, if the employment agreement was not a contract for life, but for a three-year term, was it renewed for an additional three years by virtue of the conduct of the parties?

The trial court properly took jurisdiction to determine whether a contract existed between the parties which required arbitration. When a petition is filed to compel arbitration pursuant to a contract's arbitration clause and the responding party denies the existence or validity of the contract, the court must determine whether the contract is still in force to compel the requested arbitration. Until this threshold issue is resolved, an arbitrator has nothing to arbitrate.

The pertinent provisions of the Uniform Arbitration Act, §§ 44–7–1 and 44–7–2(A), N.M.S.A.1978, state respectively:

A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. * * *

On application of a party showing an agreement described in Section 1 [44–7–1 NMSA 1978] and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

These sections make it clear that the threshold issue of whether there was an existing agreement requiring arbitration is a matter for the court, not the arbitrator. In this regard, the court must rule upon the existence or validity of an alleged contract.

Petitioner suggests that our opinion in *K. L. House Const. Co. v. City of Albuquerque*, 91 N.M. 492, 576 P.2d 752 (1978) interprets the statute in a manner extending arbitration beyond the contract period. We agree that in some instances that may be so but the terms of a contract providing for arbitration cannot be ignored. At some point the parties' obligation to arbitrate will end. In *House*, even though the contract had been completed, we held that the parties were still bound by its broad arbitration clause because the dispute related back to the performance rendered during the contractual period. We concluded "that any

disputes pertaining to the performance of the contract, even if they arise after the warranty has expired, are disputes which arise out of the contract and are therefore subject to" the arbitration agreement in existence at the time of performance. 91 N.M. at 493, 576 P.2d at 753.

We do not view this dispute to have arisen "out of the contract." The dispute between Gonzales and the Bank arose well after the time that their original written employment contract had expired.

■ Gonzales claimed that the original written employment agreement provided for lifetime or permanent employment if he competently conducted bank business. He argued that he could only be discharged for good cause. Therefore, he asserts, the original written employment agreement would still control the relationship of the parties.

In *Garza v. United Child Care, Inc.*, 88 N.M. 30, 31, 536 P.2d 1086, 1087 (Ct.App. 1975), the Court of Appeals set forth the meaning of "permanent employee" as follows:

> The rule is uniform that a contract for permanent employment, not supported by any consideration other than performance of duties and payment of wages, is a contract for an indefinite period. It is terminable at the will of either party. A discharge without cause does not constitute a breach of such contract justifying recovery of damages. (Citations omitted.)

> Where a contract for permanent employment provides additional consideration, the employee can recover damages for his discharge when made without just cause. (Citations omitted.)

> In the instant case, there is no evidence that any consideration, other than employment and payment of wages, was given by defendant to plaintiffs.

In the case at bar, the contract providing for lifetime employment is not supported by any consideration, other than performances of duties and payment of wages. It is therefore a contract for an indefinite period, terminable at the will of either party.

*Garza, supra.* The agreement in dispute uses the word "permanent" to describe petitioner's employment. We hold that its usage in this context means steady employment, as opposed to temporary or part-time employment. The contract also contained a clause providing for its renewal, thus refuting any suggestion that the contract was for life. A lifetime contract need not be renewed.

Gonzales argues in the alternative that if his contract was not for life, upon the expiration of the first three-year term, an additional three-year term automatically became effective. He further asserts that if the Statute of Frauds is applicable, the Bank should be estopped from asserting it. We find no facts to substantiate the claim of estoppel.

■ The argument assumes the existence of a provision for automatic renewal. Nowhere in the contract is there such a provision. The contract does contain an "option for renewal" clause, which by its very term implies that the parties must affirmatively exercise the option. It follows that if the option relates to a matter falling within the Statute of Frauds, it must be exercised in writing. Where a written contract is for a period of more than one year, a renewal contract for a like period is not enforceable without a writing. *See* 2 A. Corbin, *Contracts* § 504 (1950). The contract at issue called for a three-year period of performance, bringing it within the purview of the Statute of Frauds. *Westerman v. City of Carlsbad*, 55 N.M. 550, 237 P.2d 356 (1951). An expired contract within the statute cannot be revived and extended by parol agreement, *Adams v. Thompson*, 87 N.M. 113, 529 P.2d 1234 (Ct. App.1974), *cert. denied*, 87 N.M. 111, 529 P.2d 1232 (1974), nor can a contract in writing be modified or varied by a subsequent oral agreement, *Gee v. Nieberg*, 501 S.W.2d 542 (Mo.App.1973). Accordingly, we hold that part or continued performance by the parties in this case did not take the contract out of the application of the Statute of Frauds.

The decision of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and FEDERICI, JJ., concur.