730 P.2d 454

**Jean BOUDAR, Plaintiff-Appellee,**

**v.**

**E G & G, INC., a foreign corporation, Defendant-Appellant,**

**v.**

**John GUENETTE, individually, Donald Wright, individually, William Anderson, individually, Peter Zavattaro, individually, and Ken Jones, individually, Defendants-Appellees.**

**No. 16167.**

Supreme Court of New Mexico.

Dec. 12, 1986.

Rehearing Denied Dec. 31, 1986.

Opinion Withdrawn; New opinion issued.*

* The new opinion filed August 27, 1987 will be published.

**152**

Sutin, Thayer & Browne, Randy S. Bartell, Ron Segel, Santa Fe, for defendant-appellant.

Ortega & Snead, Michael Bustamante, Paskind, Lynch & Printz, Myra C. Lynch, Albuquerque, for plaintiff-appellee Boudar.

## OPINION

FEDERICI, Justice.

Plaintiff filed this action on March 11, 1982, setting out four counts against E G & G, Inc. (E G & G), his former employer, and several of its supervisory level employees. Plaintiff alleged that he had been terminated by E G & G in retaliation for reporting certain conduct of his immediate supervisor. Plaintiff alleged that he discovered four mounted color slides in his immediate supervisor's desk which plaintiff considered to be pornographic and which he alleged had been processed in the E G & G photo lab using federal government contract funds. Defendants filed a motion to dismiss, seeking dismissal of the first count of the complaint (wrongful discharge from employment), and the fourth count (conspiracy to cause emotional distress). The trial court granted the motion in part, dismissing the first count against the individual defendants and dismissing the fourth count (conspiracy to cause emotional distress).

Thereafter, plaintiff filed an amended complaint alleging three counts: retaliatory discharge from employment, intentional infliction of emotional distress, and tortious interference with contract. Defendants moved for partial summary judgment on various grounds and argued the motions on the day before the trial began. The court entered an order granting the motion in part and denying the motion in part.

Defendants moved for directed verdict on the three counts at the close of plaintiff's case. The court granted the motion in part, dismissing plaintiff's second count (intentional infliction of emotional distress), and dismissing certain of the defendants from the third count (tortious interference with contract). At the close of all the evidence, E G & G again moved for directed verdict on the claim of retaliatory discharge. Defendants William Anderson and John Guenette moved for directed verdict on the claim of tortious interference with contract. Those motions were denied.

Upon instructing the jury, the trial court submitted to the jury the first count of the amended complaint on a mixed theory of retaliatory discharge and breach of contract of employment. The third count of the amended complaint was submitted to the jury on a theory of interference with contractual relations. The jury found in favor of plaintiff on the first count, awarding compensatory and punitive damages against E G & G. The jury found in favor of defendants Guenette and Anderson on the third count. Judgment was entered on the jury verdicts.

E G & G moved the court for judgment notwithstanding the verdict, for new trial, and for remittitur. Plaintiff then moved to amend the pleadings to conform to the evidence because the contract theory of liability and recovery had been erroneously submitted to the jury. The court entered its order denying E G & G's motions and also denying plaintiff's motion to amend. E G & G appeals. We reverse.

Two relevant and dispositive issues are presented on appeal:

1. Did the trial court err in submitting to the jury plaintiff's first count which alleged a tort claim for wrongful discharge?

2. Did the trial court err in submitting to the jury plaintiff's claim based upon breach of contract of employment?

**Issue 1. Claim for Wrongful Discharge.**

Until 1983, the rule in New Mexico was that an employee who did not have a

contract of employment for a definite term could be discharged by his employer at will, with or without cause, and such a discharge, even without cause, did not give rise to a claim for damages against the employer. *Gonzales v. United Southwest National Bank of Santa Fe,* 93 N.M. 522, 602 P.2d 619 (1979); *Bottijliso v. Hutchison Fruit Co.,* 96 N.M. 789, 635 P.2d 992 (Ct.App.), *cert. denied,* 97 N.M. 483, 641 P.2d 514 (1981); *Garza v. United Child Care, Inc.,* 88 N.M. 30, 536 P.2d 1086 (Ct.App.1975).

In 1983, the Court of Appeals of New Mexico decided the case of *Vigil v. Arzola,* 102 N.M. 682, 699 P.2d 613 (Ct.App.1983). *Vigil* recognized for the first time in New Mexico a cause of action in tort based upon discharge of an employee in contravention of a clear mandate of public policy. The *Vigil* case modified the long-standing rule that an employee who did not have a contract for a definite term could be discharged at will. *See Bottijliso v. Hutchison Fruit Co.*

Although *Vigil* gave birth to a cause of action for retaliatory discharge, *Vigil's* holding was given prospective application only:

> Because this new cause of action imposes significant new duties, and because of reliance on the long-standing terminable-at-will rule, we hold that the new law should be given modified prospective application. [Citation omitted.] Thus, we apply the law announced to the case before us, except as to punitive damages, and to prospective cases filed after the date this decision becomes final.

*Id.* at 690–91, 699 P.2d at 621–22.

The court's description of the prospective application of *Vigil* is clear and unambiguous. The date on which *Vigil* became final was clearly some time after the July 5, 1983 opinion of the Court of Appeals. The present action was filed on March 11, 1982, approximately sixteen months before the date of the *Vigil* decision. Plaintiff's amended complaint was filed on February 9, 1983, approximately five months before *Vigil.* Under the Court of Appeals' hold-

ing concerning prospectivity, the rule of *Vigil* is not applicable to this case. The rule which is applicable to this case is the terminable-at-will rule which was reaffirmed by the Court of Appeals as little as six months before this case was filed, when the court in *Bottijliso* refused to recognize a cause action for retaliatory discharge.

E G & G timely and properly preserved its objections concerning plaintiff's claim of retaliatory discharge by motion for judgment notwithstanding the verdict. The trial court erred in denying E G & G's motion.

**Issue 2. Breach of Employment Contract.**

The first count of plaintiff's amended complaint did not plead a claim of breach of contract of employment and E G & G never consented to trial of a claim for breach of contract. On the contrary, at trial, counsel for defendant brought the matter to the court's attention thus:

> I believe there is a difference of opinion between the plaintiff and the defendants as to whether there is a claim against E G & G in this case for breach of contract, and, as I read the complaint, there is not. There is a claim in the third cause of action against the individual defendants for tortious interference with contractual relations. For whatever good it does, I want the record to be clear that all of the issues that may come into evidence pertaining to the existence or nonexistence of a contract of employment, as far as the defense is concerned, are relevant only to the question of the third claim of tortious interference with contractual relations. I do not want to be understood as expressly or impliedly consenting to the trial of a claim of breach of contract against E G & G.

Nevertheless, in submitting plaintiff's first count to the jury, the court instructed the jury on a variety of contract matters that were not within the issues raised by the pleadings. The giving of certain of plaintiff's tendered instructions, which permitted the jury to find that E G & G breached a contract of employment between itself

and plaintiff, constituted reversible error. A party is entitled to have the jury instructed on his theory of the case only if he has both pleaded that theory and offered evidence in support of it. *Mac Tyres, Inc. v. Vigil*, 92 N.M. 446, 589 P.2d 1037 (1979); *Falkner v. Martin*, 74 N.M. 159, 391 P.2d 660 (1964); *Garcia v. Barber's Super Markets, Inc.*, 81 N.M. 92, 463 P.2d 516 (Ct. App.1969). Instructions which present false issues should not be given. *Kirk Co. v. Ashcraft*, 101 N.M. 462, 684 P.2d 1127 (1984); *Simon Neustadt Family Center, Inc. v. Bludworth*, 97 N.M. 500, 641 P.2d 531 (Ct.App.1982).

Instructions given by the trial court improperly inserted contract issues for the jury's consideration. Plaintiff's tendered instruction 14, given over objection as the court's instruction 16, referred to balancing the employer's, the employee's and the public's interest in employment contracts, and allowed the jury to determine, in violation of the prospectivity ruling of *Vigil*, whether plaintiff was discharged for acting in accord with public policy. Plaintiff's tendered instruction 15, given over objection as the court's instruction 17, allowed the jury to find that bad faith or unfair dealing by E G & G would constitute a breach of employment contract. Plaintiff's tendered instruction 17, given over objection as the court's instruction 18, defined a contract. Plaintiff's tendered instruction 18, given over objection as the court's instruction 19, allowed the jury to imply a contract of employment. And plaintiff's tendered instruction 21, given over objection as the court's instruction 20, allowed the jury to find that deviation by E G & G from its employment policies would constitute a breach of an implied contract of employment.

■ After the verdict was returned, the trial court denied plaintiff's motion to amend the pleadings to conform to the evidence based upon the contract theory of liability. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." NMSA 1978, Civ.P.R. 15(b) (Repl.Pamp.1980); *see also Rice v. Gideon*, 86 N.M. 560, 525 P.2d 920 (Ct.App.1974), *cert. quashed*, 87 N.M. 299, 532 P.2d 888 (1975). Since plaintiff did not plead a claim for breach of contract of employment, and since E G & G never consented to trial of a claim for breach of contract, the trial court did not err in denying plaintiff's Rule 15(b) motion. The trial court's denial of plaintiff's Rule 15(b) motion supports our conclusion that it was reversible error to instruct the jury on a breach of contract theory.

The trial court erred in submitting plaintiff's claim of retaliatory discharge to the jury. The trial court also erred in submitting the first count to the jury on a breach of contract theory. Our holdings on these two issues necessarily dipose of E G & G's contentions that the trial court erred in submitting the issue of punitive damages to the jury. Since we reverse the award of compensatory damages, the punitive damages award cannot stand. *Grandi v. LeSage*, 74 N.M. 799, 399 P.2d 285 (1965); *Wilson v. Galt*, 100 N.M. 227, 668 P.2d 1104 (Ct.App.), *cert. quashed*, 100 N.M. 192, 668 P.2d 308 (1983).

The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

STOWERS, C.J., and RIORDAN and WALTERS, JJ., concur.

SOSA, Senior J., not participating.