742 P.2d 499

**Tony G. LOVATO, Petitioner-Appellee,**

**v.**

**CITY OF ALBUQUERQUE, et al., Respondents-Appellants.**

**No. 16495.**

Supreme Court of New Mexico.

Sept. 10, 1987.

Manny Aragon, Chief Trial Atty., Eddie Gallegos, Asst. City Atty., Paula Forney-Thompson, Asst. City Atty., Albuquerque, for respondents-appellants.

Jeff Romero, Albuquerque, for petitioner-appellee.

## OPINION

RANSOM, Justice.

The City of Albuquerque and named city officials (City) challenge the permanent writ of mandamus by which the district court ordered the City to conduct a personnel board hearing requested by petitioner Lovato. We affirm.

Lovato has been a classified city employee, in various capacities, for twenty-seven years. A classified employee is one who is permanently employed by the City and entitled to all rights and benefits guaranteed by the merit system, one of which is recourse to the grievance procedure. Since 1973 Lovato has been on assignment status, a position that applies only to classified employees who are placed in supervisory positions by an administrative head of a department, agency or special program. *See* Albuquerque, N.M., Merit System Ordinance § 2–9–7, Revised Ordinances 1974 (1980 ed.), and Personnel Rules and Regulations §§ 451–52 (the merit system and personnel rules, respectively).

The assignment resulted in a five percent salary increase for Lovato. On March 3, 1986, Lovato was removed from assignment status with a corresponding five percent reduction in pay. He filed his grievance with the City's personnel board, complaining of the transfer and resulting pay reduction. By letter, the chief administrative officer for the City denied that there was a grievable issue. Lovato timely filed a request for a personnel board hearing which was also denied. The basis for each denial was Section 452 of the personnel rules which states in pertinent part that removal from assignment status and consequent reassignment are specifically exempt from the grievance provisions.

On April 22, Lovato filed his petition for mandamus in which he requested that the City be ordered to comply with its duty to grant a personnel board hearing on the merits of his transfer and pay reduction. On April 24, the alternative writ was issued and a hearing was set for May 2, at which the City was to show cause why it should not grant a personnel board hearing on the merits of Lovato's grievance. On April 28, however, the chief administrative officer granted Lovato a May 22 hearing, but only on the limited issue of grievability. In its

opinion letter of May 5, the court made permanent the writ and concluded that the City's denial of a full hearing on Lovato's claims resulted in a denial of his right to due process of law.

On appeal, the City questions whether the district court could grant mandamus in light of the failure of Lovato to appear at the May 22 hearing, and his failure to exhaust the administrative remedy available to him under the merit system and the personnel rules. Although the City characterizes this as a lack of subject matter jurisdiction, the City is actually arguing the absence of a prerequisite to the court's exercise of its jurisdiction to grant mandamus. In addition, the City challenges a finding of fact and conclusions of law concerning (1) whether Lovato had a property interest in continued employment in his assignment position, and (2) whether due process was afforded Lovato before the personnel board.

■ The City's point that the district court was without mandamus jurisdiction is without merit. At the request of a person beneficially interested, mandamus lies to compel the performance of an affirmative act by another where the duty to perform the act is clearly enjoined by law and where there is no other plain, speedy and adequate remedy in the ordinary course of law. NMSA 1978, §§ 44-2-4, -5. The act to be compelled must be ministerial, that is, an act or thing which the public official is required to perform by direction of law upon a given state of facts being shown to exist, regardless of his own opinion as to the propriety or impropriety of doing the act in the particular case. *El Dorado at Santa Fe, Inc. v. Bd. of County Comm'rs*, 89 N.M. 313, 316–17, 551 P.2d 1360, 1363–64 (1976). Mandamus is the proper remedy where the public official refuses or delays to act, and it will compel action if the law requires the official to act one way or another. *Id.* at 317, 551 P.2d at 1364.

■ Under the circumstances of this case, the district court properly found that Lovato was beneficially interested in the issues of this case and was being denied his remedy in the ordinary course of law, that

being the grievance procedure under the merit system. Mandamus is provided by statute when, as here, City officials fail in their duty to provide the required remedy. By comparison, a suit in contract would not have been plain, speedy or adequate, nor an appropriate action to compel the City to hold a full hearing. Mandamus will lie where ordinary proceedings would be inadequate. *State ex rel. Bird v. Apodaca*, 91 N.M. 279, 282, 573 P.2d 213, 216 (1977); *see Light v. Bd. of Educ.*, 170 Conn. 35, 41, 364 A.2d 229, 231 (1975). The district court properly concluded that it had mandamus jurisdiction.

The City denies that it failed to provide the plain, speedy and adequate remedy of a hearing and contends that the administrative procedure made available to Lovato on May 22 was adequate. Seeking support in *Jette v. Bergland*, 579 F.2d 59 (10th Cir. 1978), the City believes it should have the opportunity to address the issue of how its personnel rules are interpreted before the matter is decided by the court. The City maintains further that had the issue of grievability been decided against Lovato, he would have the right to petition for judicial review at that time. *See* SCRA 1986, 12–601. The City's grant of a hearing in May was solely to determine the issue of grievability. The district court concluded as a matter of law that, because Lovato had a property right in continued employment in his assignment position, the transfer was grievable. We agree.

■ The Supreme Court has held that "property" under the fourteenth amendment includes government benefits such as public employment. *See, e.g., Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 576–78, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In *Perkins v. Bd. of Directors*, 686 F.2d 49 (1st Cir.1982), the court stated that "[a] public employee has a constitutionally protected interest in continued employment where he has a reasonable expectation ... that he will continue to be employed." Lovato's employment status was a protected property interest only if he had an express

or implied right to continued employment. *See generally Bishop,* 426 U.S. at 343, 96 S.Ct. at 2077.

Property interests are not created by the Constitution; they are protected by the Constitution. "[T]hey are created and their dimensions are defined by existing rules or understandings that stem from an independent source * * *." *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. The sufficiency of any claim of entitlement must be decided by reference to the independent source of rules or understandings that secure the benefit. 426 U.S. at 344, 96 S.Ct. at 2077. *See also Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 536, 105 S.Ct. 1487, 1490, 84 L.Ed.2d 494 (1985); *Paul v. Davis,* 424 U.S. 693, 709, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976). For example in *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the court found that the independent source of rules and understandings consisted of certain administrative actions and the common law of tenure. There, the college teacher had a lack of express rights under his contract, but the college officials had previously indicated that he had a claim to re-employment under a "de facto" tenure program. The court held that this gave him a sufficient claim of entitlement to require a hearing prior to the final decision not to renew his contract. *Id.* at 603, 92 S.Ct. at 2700.

It also has been recognized that under New Mexico law a constitutionally protected property interest can arise despite the absence of a statute or formal contract. *Casias v. City of Raton,* 738 F.2d 392, 394 (10th Cir.1984). In the case at bar, the independent source of rules and understandings consists of (1) the City's action in retaining Lovato in the assignment position for thirteen years, and (2) the merit system and personnel rules which pertain to permanent positions. Although Section 2–9–7 of the merit system and Sections 451 and 452 of the personnel rules provide that assignment positions are "not permanent advancements in the classification plan," that classified "employees assigned to these positions may be reassigned at any time at the discretion of their respective administrative head," and that "reassign-ment is not the subject of a grievance," the district court correctly found that, after a thirteen year employment in his assignment position, Lovato's employment at the position, grade, and pay rate prior to transfer could not be considered a temporary, discretionary advancement within the meaning of the merit system and personnel rules. *See Black's Law Dictionary* 1312 (5th ed. 1979) ("temporary" means that which is to last for a limited time only, as distinguished from that which is perpetual or indefinite).

Lovato's interest in continued employment in the same position clearly rose to the level of a constitutionally protected property interest. The requirements of due process apply to deprivation of interests encompassed within the fourteenth amendment's protection of property. *Perry v. Sindermann.* We affirm the district court's holding that the denial of a full hearing on Lovato's claims resulted in a deprivation of his right to due process of law. Accordingly, the entry of the permanent writ of mandamus against the City is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and WALTERS, J., concur.