**PIONEER WATER AND SEWER DISTRICT, a Water and Sewer District formed under the laws of the State of Wyoming, Appellant (Defendant),**

v.

**CIVIL ENGINEERING PROFESSIONALS, INC., a Wyoming Corporation, Appellee (Plaintiff).**

No. 94–311.

Supreme Court of Wyoming.

Nov. 15, 1995.

J. Scott Burnworth, Casper, for appellant.

J. Nicholas Murdock of Reeves, Murdock & Gifford; and Timothy W. Miller, Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

In this appeal we determine whether a question as to the application of a statute of limitations to a contractually based arbitration demand is a question to be decided by the district court or by the arbitrators, where the contract provides arbitration is barred by the applicable statute(s) of limitations. In response to appellee Civil Engineering Professionals, Inc.'s (CEP) declaratory judgment action which sought to restrain a demand for arbitration, appellant Pioneer Water and Sewer District (Pioneer) sought an order compelling arbitration. The district court determined Pioneer's demand for arbitration should be denied.

We affirm.

Pioneer states this issue:

Did the district court err in determining that a cause of action to compel arbitration under W.S. § 1–36–104 begins to accrue as of the date of the formation of the contract which provides for arbitration?

CEP asks:

1. Whether the district court correctly ruled that appellant's right to arbitration is barred by the statute of limitations.

2. Whether it is for the courts to determine the arbitrability of appellant's claim.

3. Whether the parties' agreement precludes appellant from demanding arbitration because its claim is barred by the statute of limitations.

The facts which underlie this issue are not disputed. On March 24, 1980, CEP entered into a contract with Pioneer for installation of a water distribution system. The work associated with that contract was substantially completed before June 1, 1983. On July 25, 1994, Pioneer filed a demand for arbitration with the American Arbitration Association, asserting that due to fault on the part of CEP a portion of a pipeline was installed outside the easement Pioneer had obtained from a landowner. As relief, Pioneer asked that CEP obtain a corrective easement or pay damages in the range of $3,500 to $8,500. On August 12, 1994, CEP filed a complaint, seeking a declaratory judgment to the effect that Pioneer's demand for arbitration[1] should be restrained because any legal or equitable action by Pioneer was barred by Wyo.Stat. § 1–3–105(a)(i)[2] and Wyo.Stat. § 1–3–111(a).[3] On November 10, 1994, the district court issued its final order denying arbitration on the basis that the applicable statute of limitations, Wyo.Stat. § 1–3–105(a)(i), had run.[4]

The contract between the parties included these provisions regarding arbitration:

7.5.1. All claims, counterclaims, disputes and other matters in question between the parties hereto arising out of or relating to this Agreement or the breach thereof will be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining, subject to the limitations and restrictions stated in paragraph 7.5.3 and 7.5.4 below. This Agreement so to arbitrate and any other agreement or consent to arbitrate entered into in accordance herewith as provided in this paragraph 7.5 will be specifically enforceable under the prevailing arbitration law of any court having jurisdiction.

7.5.2. Notice of demand for arbitration must be filed in writing with the other parties to this Agreement and with the American Arbitration Association. The demand must be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event may the demand for arbitration be made after institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.

Pioneer's principal assertion is that the statute of limitations on its right to compel arbitration did not begin to run until its demand for arbitration was refused. Pioneer contends the district court's role in the arbitration process is limited to an ascertainment of whether an agreement to arbitrate exists. Wyo.Stat. § 1–36–104(a)(1988);[5] *Jackson State Bank v. Homar*, 837 P.2d 1081, 1086,

---

**1.** On August 17, 1994, Pioneer filed a pleading seeking an order of the district court to compel arbitration.

**2.** Limiting actions on a written contract to within 10 years after the action accrues.

**3.** Limiting actions on improvements to real property to within 10 years of substantial completion.

**4.** Pioneer contends it can assert its claims would not be barred by Wyo.Stat § 1–3–107(a)(i) (1988) on the theory that a claim for professional negligence may be brought within two years of discovery. The record does not reflect that this

issue was posed to the district court, in any meaningful sense, and we will not consider it here.

**5.** Wyo.Stat. § 1–36–104(a) (1988) reads:

On application of a party showing an arbitration agreement and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to determine the issue raised and shall order or deny arbitration accordingly.

1089 (Wyo.1992). Pioneer hinges its contention that the district court lacked authority or jurisdiction to consider the question of the statute of limitations on *Reconstruction Finance Corp. v. Harrisons & Crosfield,* 204 F.2d 366 (2nd Cir.1953), *cert. denied,* 346 U.S. 854, 74 S.Ct. 69, 98 L.Ed. 368 (1953), and other related cases which follow that decision or which rely on similar reasoning. In that case, the appeals court held that, under the circumstances there presented, whether the statute of limitations would bar proceedings in arbitration was a question to be decided by the arbitrators. However, the court went on to state, in response to the fear that parties will not agree to arbitrate if there is no temporal limit on the obligation to arbitrate, "the parties to a contract embodying an arbitration clause can, of course, easily put in it an 'express time limitation.'" *Reconstruction,* 204 F.2d at 370; and *see generally* Joel E. Smith, Annotation, *Statute of Limitations as Bar to Arbitration under Agreement,* 94 A.L.R.3d 533 (1979); Boyd J. Peterson, Annotation, *Which Statute of Limitations Applies to Efforts to Compel Arbitration of a Dispute,* 77 A.L.R.4th 1071 (1990).

We conclude the district court is obligated to determine the question of arbitrability in the light of all the contract terms which form the agreement to arbitrate. Here the parties detailed that the agreement to arbitrate would not extend beyond any applicable statute(s) of limitations and the district court, therefore, was compelled to ascertain that issue as a part of its determination whether an agreement to arbitrate existed. *200 Levee Drive Assoc. v. Bor–Son Bldg.,* 441 N.W.2d 560, 563 (Minn.App.1989); and *see Gonzales v. United Southwest Nat'l Bank,* 93 N.M. 522, 602 P.2d 619, 620 (1979). The agreement in question is just the sort of "express time limitation" which was contemplated in the *Reconstruction* case.

In this instance, there is no question but that the statute of limitations has expired whether we apply the general statute of limitations which applies to written contracts or the statute of limitations which applies to improvements to real property. The judgment of the district court is affirmed.