**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANNETTE APODACA JONES,
individually and on behalf of all
similarly situated individuals,

Plaintiff-Appellant,

v.

JUAN HERNANDEZ, individually
and in his official capacity, BRIAN D.
HAINES, individually and in his
official capacity, ARTURO
RODRIGUEZ, individually and in his
official capacity, VICKI LUSK,
individually and in her official
capacity, and THE BOARD OF
COUNTY COMMISSIONERS FOR
DOÑA ANA COUNTY,

Defendants-Appellees.

No. 07-2042

District of New Mexico

(D.C. No. CIV-05-929 BB/ACT )

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellant Annette Apodaca Jones filed suit under 42 U.S.C. § 1983 alleging that her denial of a promotion violated due process. The district court granted motions for dismissal as to one defendant and summary judgment for the remaining defendants, holding that because promotion decisions were based on subjective factors, Ms. Jones did not have a constitutionally protected property right in a promotion. Ms. Jones argues on appeal that the district court erred in determining that there was no material issue of fact remaining to be resolved.

We previously issued an order to show cause whether we had jurisdiction to hear an appeal from the denial of summary judgment, as an additional, unresolved claim remained before the district court. However, this claim has since been dismissed, and the district court's order is now final. We therefore take jurisdiction, reverse the orders of dismissal and summary judgment, and remand for further proceedings.

## I. Background

In 2001 Ms. Jones sought a position as the Records Supervisor for the Sheriff's Department of Doña Ana County, New Mexico. The County used a competitive interview process to select the Records Supervisor. In the interview, panel members asked the aspirants preselected questions and then numerically scored their answers by comparing them to a provided "best" answer. Ms. Jones received the second highest score; the County gave the position to the highest scoring applicant.

According to evidence submitted by Ms. Jones,[1] however, the process was rigged. She states that some four years after her unsuccessful application to become Records Supervisor, she was cleaning out the desk of the successful applicant, who had left the office, when she discovered an envelope containing both the questions and "best" answers for the 2001 interview.

Current and former employees subsequently disclosed that the questions, answers, and grading information for interviews were routinely provided to applicants favored by Sheriff Hernandez, with his knowledge and consent. These applicants used the information to obtain the highest scores on both written exams and oral interviews. Sheriff Hernandez always hired the highest scoring applicants. In at least one instance, an applicant's answers to the interview questions matched the provided answers word-for-word, earning the highest interview score for that applicant from among all the applicants that met that panel.

---

[1]As the district court noted, Ms. Jones submitted testimony in the form of a document that was notarized, but that does not indicate she swore an oath to its truthfulness. Such a submission is not admissible for purposes of summary judgment. *See* 28 U.S.C. § 1746. Rather than giving Ms. Jones the opportunity to correct this mistake, the district court granted summary judgment on the ground that, even if it accepted Ms. Jones' purported affidavit, it would not rule differently. Accordingly, we treat the submission as if it were an affidavit on the understanding that, on remand, if she does not submit evidence in proper form the district court may revisit its ruling on summary judgment. The same also applies to the unsworn "affidavit" of Robert L. Jones.

Ms. Jones filed suit under 42 U.S.C. § 1983 against Sheriff Hernandez and four other county officials, claiming violations of her procedural and substantive due process rights and a breach of contract. Sheriff Hernandez, but not the other defendants, moved to dismiss Ms. Jones' suit on the basis of qualified immunity and other grounds. In an order dated February 8, 2006, the district court dismissed Ms. Jones' due process claim against Sheriff Hernandez on the ground that her complaint did not demonstrate a binding mutual understanding that she would receive a promotion if she met certain conditions, which is a prerequisite to the recognition of a property interest under the Due Process Clause. On March 20, 2006, Ms. Jones filed a motion to compel the County to release detailed information regarding the interview and testing process. The court granted this motion on April 4, 2006. The next day the remaining defendants filed a motion for summary judgment based on the law of the case, arguing that the same deficiencies in the complaint that led to the dismissal of Ms. Jones' claims against Sheriff Hernandez compelled summary judgment in their favor. They also sought a stay of discovery based on qualified immunity. The court granted their motion for a stay pending resolution of their motion for summary judgment. The court then granted summary judgment in favor of the remaining defendants on all claims. Ms. Jones appeals this decision.

## II. Discussion

We review *de novo* the district court's grant of summary judgment. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). When defendants in a § 1983 suit assert qualified immunity, the court must determine whether, taken in the light most favorable to the party asserting the injury, the evidence shows that the defendant's conduct violated a constitutional right, and if so, "whether the law clearly established that the officer's conduct was unlawful in the circumstances of the case." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

A state may not deprive a person of property without due process of law. U.S. Const. amend. XIV, §1. Whether state law creates a right that "constitutes a property interest for purposes of the Fourteenth Amendment . . . is ultimately [a question] of federal constitutional law." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 757 (2005). An interest in a promotion "is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support [the] claim of entitlement . . . ." *Perry v. Sindermann*, 408 U.S. 593, 601 (1972). A hiring process that allows for discretion and subjectivity cannot create a mutually explicit understanding. *Nunez v. City of Los Angeles*, 147 F.3d 867, 873 n. 8 (9th Cir. 1998). Conversely, a hiring process that imposes "significant limitation on the discretion of the decision maker" can create a mutually explicit understanding that gives rise to a protected property right. *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984). State law or settled

hiring practices can create mutually explicit understandings. *Clinger v. New Mexico Highlands Univ. Bd. of Regents*, 215 F.3d 1162, 1167 (10th Cir. 2000); *Lovato v. City of Albuquerque*, 742 P.2d 499, 502; 106 N.M. 287, 290 (N.M. 1987).

### A. Did the Sheriff Have Discretion?

Doña Ana County's merit system ordinance governs the process of filling the position of Records Supervisor in the Sheriff's Department. On its face, it allows for discretion in the hiring process. Under the ordinance, selection by the interview panel confers only a "panel recommended" status to the highest scoring applicant, following which the Sheriff may choose whether or not to hire the applicant.

Settled hiring practices, however, can reveal that discretion is illusory. *Perry,* 408 U.S. at 599-600. According to Vicki Lusk, the employee at the county's Human Resources Department responsible for the testing and interviewing process, the County always gave jobs to the applicants with the highest numerical scores. This practice was so settled that the Sheriff, who is vested with discretion to accept or reject the recommendation of the interview panel, nevertheless provided favored applicants with the interview questions and answers in an effort to ensure they obtained the highest scores. Even in cases where scores were separated by only hundredths of a point, the Sheriff offered the job to the highest scoring applicant even if he or she was not the "favorite." A

reasonable jury could infer from this evidence that the County's settled practice was always to extend the job offer to the highest scoring applicant and that this settled practice overrides the discretionary provisions of the County's merit system ordinance.

Ms. Jones was not the highest scoring applicant for the 2001 Records Supervisor position, but she was the second highest. Her claim to a property interest in the 2001 promotion rests on the theory that the County, aware of the cheating, should have disqualified the cheater and hired her. Her claim has merit, as Doña Ana County's policies required the disqualification of any job applicant who had access to the questions and answers.

**B. Did the Interview Panel Have Discretion?**

In response, the defendants argue that the scoring during the interview stage of the process was discretionary. They maintain that the interview panel members had discretion in scoring the applicants, and that this discretion, as a matter of law, precludes a finding that an applicant has a property interest in promotion. *See Goodisman,* 724 F.2d at 820 (holding that no property interest is created when hiring procedures do not impose "significant limitation on the discretion of the decision maker").

One Sheriff's Department employee provided evidence that the oral interviews were scored by comparing responses to the "best" answers for selected questions. From this, the district court inferred that scoring was subjective rather

than objective, and therefore discretionary, because comparison to the "best" answer rather than the "correct" answer made evaluation subjective. This is not the only possible inference. A comparison of the applicant's answer to the "best" answer is common in grading, and need not carry any implication of subjectivity. If an applicant on a driving test is asked how much following distance to allow on the highway, it would not be subjective to give the highest score to the applicant who gives the answer closest to one car length per every ten miles per hour. The district court's assumption that scoring based on "best" or "worst" is more subjective than scoring based on "right" or "wrong" may sometimes be true, but not always.

Moreover, Ms. Jones filed a motion to compel discovery regarding the content of the interviewing process, including the questions and the model answers. This evidence presumably would resolve whether the questions were more subjective or objective in nature. After first granting that motion, the court stayed discovery pending resolution of the defendants' motion for summary judgment and then granted summary judgment on the ground that there was no disputed issue of material fact bearing on the issue.

This, we think, was premature. While a ruling on qualified immunity "should be made early in the proceedings," *Saucier*, 533 U.S. at 200, discovery as to evidence central to the qualified immunity analysis must be allowed. *See* Fed. R. Civ. P. 56(c) (summary judgment should only be entered when the evidence

shows "no genuine issue as to any material fact").  On the record before the district court, there was doubt as to whether the scoring protocol employed by the interview panel was subjective or objective.  The district court should not have granted summary judgment while that factual dispute was still unresolved.

## C. The Order Dismissing Claims Against Sheriff Hernandez

For the same reason, the court's dismissal of Ms. Jones' claims against Sheriff Hernandez was erroneous.  Ms. Jones has alleged and may be able to prove that she had a property interest in promotion, based on a nondiscretionary mode of selection.  Ms. Jones' claims against Sheriff Hernandez cannot be resolved in his favor as a matter of law, but require factual development, along with the claims against the other defendants.

## III. Conclusion

The judgment of the United States District Court for the District of New Mexico is **REVERSED** and the case is **REMANDED** for further proceedings.

Entered for the Court,

Michael W. McConnell
Circuit Judge