IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2012-NMCA-059

Filing Date: April 19, 2012

Docket No. 30,726

MARIA RODRIGUEZ,

       Plaintiff-Appellant,

v.

NEW MEXICO DEPARTMENT
OF WORKFORCE SOLUTIONS,

       Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Jerald A. Valentine, District Judge

Law Offices of E. Justin Pennington
E. Justin Pennington
Albuquerque, NM

for Appellant

Sandenaw Law Firm, P.C.
CaraLyn Banks
Las Cruces, NM

for Appellee

OPINION

SUTIN, Judge.

{1}    This appeal pits the New Mexico Personnel Act against the New Mexico Human Rights Act on the question of which law is controlling when a discharged probationary state employee with no property interest in continuing employment seeks relief under the Human Rights Act for sex and age discrimination. The district court dismissed the employee's Human Rights Act claim on the ground that, under the Personnel Act, the State agency was permitted to terminate the probationary employee's employment without cause even if the

termination was based on sex or age discrimination. We disagree and hold that the employee can pursue a claim under the Human Rights Act.

**BACKGROUND**

**{2}**    Plaintiff Maria Rodriguez was hired by Defendant New Mexico Department of Workforce Solutions (the Department) first as a temporary employee and then as a probationary employee. While she was a probationary employee, she was given a notice of dismissal from her position pursuant to the New Mexico Personnel Act, NMSA 1978, §§ 10-9-1 to -25 (1961, as amended through 2009).

**{3}**    Under the Personnel Act, "'employee' means a person in a position . . . who has completed his probationary period[.]" Section 10-9-3(I). A probationary employee is referred to as a "probationer," meaning "a person . . . who is still in the probationary period for that position." Section 10-9-3(J). State Personnel Board Regulation 1.7.1.7(CC) NMAC (3/31/2006) (amended 10/15/2008) states that "probationer" means "an employee in the classified service who has not completed the one-year probationary period." And 1.7.11.11 NMAC (11/14/2002), as it relates to probationers, states that "[p]robationers . . . may be suspended, demoted, or dismissed effective immediately with written notice and without right of appeal to the board."

**{4}**    Following her discharge, Plaintiff filed a claim with the New Mexico Department of Labor, Human Rights Division and the Equal Employment Opportunity Commission against the Department alleging discrimination and retaliation based on her sex and age. After exhaustion of her administrative remedies, Plaintiff filed a notice of appeal and complaint in the district court asserting discrimination and retaliation under the New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1 to -15 (1969, as amended through 2007). *See* § 28-1-10(A), (D), (J) (setting out grievance procedures); § 28-1-13 (setting out appeal procedure).

**{5}**    The Department filed a motion for summary judgment, asserting that, because Plaintiff was a probationary employee and therefore had no property interest in continuing employment, the court lacked jurisdiction to consider Plaintiff's constitutional claims. In its memorandum in support of its motion, the undisputed facts upon which the Department relied for summary judgment were: (1) Plaintiff was hired on a temporary basis to fill a ninety-day position; (2) Plaintiff willingly accepted temporary and part-time employment and her exclusions from the Public Employee Retirement Benefit Association (PERA); (3) Plaintiff was selected for a second ninety-day part-time temporary position and again willingly accepted the temporary, part-time position and exclusions from PERA benefits; (4) Plaintiff later accepted a temporary position for an additional thirty days or until a permanent position was filled; (5) Plaintiff was then hired on a full-time basis to fill an administrative position; and (6) during her probationary period, Plaintiff was notified of her dismissal.

**{6}** In its summary judgment documents, the Department pointed to no particular "constitutional claims." Its "concise statement" of the issues was that the district court "lack[ed] jurisdiction to consider Plaintiff's claim as Plaintiff was a probationary employee for all times pertinent to this litigation and therefore has no property interest in continued employment with [the] Department[.]" The court granted the Department's motion for summary judgment based on findings that Plaintiff was a probationary employee at the time her employment was terminated and that the Department was permitted to terminate Plaintiff's employment without cause during her probationary period.

**{7}** Plaintiff appeals from the summary judgment in the Department's favor. On appeal, Plaintiff argues that the district court erred in concluding that the protections against discrimination and retaliation contained in the Human Rights Act do not apply to probationary employees of the State of New Mexico who have been discharged pursuant to the Personnel Act. We agree with Plaintiff.

## DISCUSSION

**{8}** No factual issues are disputed. We review the grant of the motion for summary judgment de novo. *Beggs v. City of Portales*, 2009-NMSC-023, ¶ 10, 146 N.M. 372, 210 P.3d 798. The critical issue is one of first impression. The issue as stated by the Department is whether the district court had jurisdiction to consider discrimination and retaliation claims asserted under the Human Rights Act when a probationary state employee claimant who is discharged under the Personnel Act has no property interest in continuing employment.

**{9}** The Department primarily bases its lack of jurisdiction position on two federal cases involving claims under 42 U.S.C. § 1983 (1996). *See Lighton v. Univ. of Utah*, 209 F.3d 1213, 1221 (10th Cir. 2000) (stating that § 1983 claims are actionable only where the employee possesses a property or liberty interest in the employment); *Russillo v. Scarborough*, 935 F.2d 1167, 1170, 1174 (10th Cir. 1991) (affirming the district court's grant of summary judgment in favor of the employer as to the plaintiff's § 1983 claim because, as an "at-will" employee, the plaintiff had no protected property interest in his employment).

**{10}** Tied into *Russillo*, the Department relies on *Lovato v. City of Albuquerque*, 106 N.M. 287, 742 P.2d 499 (1987), a mandamus action seeking to require the defendant to grant a hearing on the merits of the plaintiff's transfer and pay reduction. The language on which the Department relies from *Lovato*, and which was contained in *Russillo*, 935 F.2d at 1170, is the statement that the plaintiff's "employment status was a protected property interest only if he had an express or implied right to continued employment." *Lovato*, 106 N.M. at 289-90, 742 P.2d at 501-02.

**{11}** In addition, the Department relies on *Cockrell v. Bd. of Regents of N.M. State Univ.*, 1999-NMCA-073, 127 N.M. 478, 983 P.2d 427. *Cockrell* involved a claim for damages under 42 U.S.C. § 1983, a defense of qualified immunity, and an issue of whether the

3

plaintiff was deprived of a property interest without due process of law when his employment was terminated. *Id.* ¶ 3. The Court in *Cockrell* stated:

> The key dispute under the [employee] [m]anual is whether [the employee] was still a probationary employee at the time of his termination. Probationary employees have no expectancy of continued employment and may be terminated without cause and without procedural protections such as notice and a hearing. Non-probationary employees, on the other hand, do have such an expectancy in that they can only be discharged for good cause and by way of due process grievance procedures. There is no dispute that if [the employee] was still a probationary employee at the time of his termination, then his discharge satisfied the [m]anual. However, if by then, he was more than a mere probationary employee, then it is equally settled that he did not receive the protections owed him under the [m]anual. More importantly, for purposes of this appeal, as a non-probationary employee [the employee] would have an expectancy of continued employment which cannot be eliminated arbitrarily without due process of law.

*Id.* The Department further relies on *Clark v. Children, Youth & Families Dep't*, 1999-NMCA-114, 128 N.M. 18, 988 P.2d 888, a decision that solely involved a probationary employee's status under the Personnel Act, and also relying on *Lovato*, 106 N.M. at 289, 742 P.2d at 501, for the proposition that Plaintiff cannot state a substantive claim for relief because she did not have a property interest in continuing employment.

{12} The Department also attempts to squeeze in an argument that a probationary state employee cannot state a claim under the Human Rights Act because the Department's termination action is based on a "statutory prohibition" created by the Personnel Act and excluded from the definition of discriminatory practice under the Human Rights Act. *See* § 28-1-7(A) (stating that it is an unlawful discriminatory practice for an employer "to discharge . . . or to discriminate . . . against any person otherwise qualified because of race, age, religion, color, [or] national origin . . ." unless the employer's action is "based on a bona fide occupational qualification or other statutory prohibition"). The statutory prohibition, according to the Department, is the composite of provisions in the Personnel Act that distinguish an employee from a probationary employee, that permit a probationary employee to be discharged without cause, and that forbid the discharged probationary employee any appeal right. Sections 10-9-3(I), (J); 1.7.2.8 NMAC (7/15/2005); 1.7.11.11 NMAC. Thus, the Department argues that to allow a probationary employee to bring a cause of action under the Human Rights Act is contrary to the Personnel Act's limitation on a probationary employee's right to make a claim for wrongful discharge. According to the Department, allowing a probationer to bring a cause of action under the Human Rights Act is contrary to Section 28-1-7(A)'s exclusion of "other statutory prohibition" from the definition of "unlawful discriminatory practices[.]"

**{13}** We reject the Department's arguments. The Department fails to present any authority that persuades us that a jurisdictional bar exists under the circumstances here. The case before us is not one solely under the Personnel Act. We are not addressing a claim under § 1983, and § 1983 is not at issue. Neither constitutional violations nor liberty or property interests are at issue. Plaintiff's claim is under the Human Rights Act. No authority on which the Department relies persuades us that a person in Plaintiff's position must prove a property interest in continuing employment as a jurisdictional prerequisite to assertion of a claim under the Human Rights Act for discrimination and retaliation based on sex or age. Nor are we presented with any authority to support the district court's determination that Plaintiff is barred from seeking relief under the Human Rights Act simply because the Personnel Act permits discharge of a probationary state employee without cause.

**{14}** The Human Rights Act, like its federal analog, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (1991), was "designed to encourage employees to report when they or others are being subjected to illegal workplace discrimination[.]" *Mitchell v. Zia Park, LLC*, No. CV 10-1206 WPL/GBW, 2012 WL 310824, at *1, *9, __ F. Supp. 2d__ (D.N.M. Feb. 1, 2012). Owing to the similarities between the Human Rights Act and Title VII, our Supreme Court has noted that our analysis of claims under the Human Rights Act is guided by the federal courts' interpretation of unlawful discrimination under Title VII. *Garcia-Montoya v. State Treasurer's Office*, 2001-NMSC-003, ¶ 39, 130 N.M. 25, 16 P.3d 1084.

**{15}** We are guided by two federal cases in which the plaintiffs, who lacked a property interest in employment, filed complaints alleging violations of both § 1983 and Title VII. *See Walters v. City of Atlanta*, 803 F.2d 1135 (11th Cir. 1986); *Henderson v. City of New York*, 818 F. Supp. 2d 573 (E.D.N.Y. July 20, 2011). In each case, the respective courts determined that the plaintiff's § 1983 claim could not stand because the plaintiffs had no property interest in the employment, however, in each case, the court permitted the plaintiff's Title VII claim. *See Walters*, 803 F.2d at 1140, 1142, 1144-45 (stating that because the plaintiff did not have a property interest in the employment that he sought to obtain, the district court properly granted the defendants' motion for directed verdict on the plaintiff's § 1983 claim and also holding that the district court properly found that the plaintiff prevailed on his Title VII discrimination and retaliation claims); *Henderson*, 818 F. Supp. 2d at 575-78, 583-84 (explaining that the plaintiff, who was a probationary employee when he retired (which he claimed was a "constructive discharge"), unlike a permanent employee he had no property interest in his position and therefore could not establish a § 1983 claim, and further, denying the defendant's motion for summary judgment on the plaintiff's Title VII retaliation claim, as well as the claims under the state's and city's human rights acts).

**{16}** Furthermore, we cannot give the Personnel Act an enforcement status superior to the exceptionally important public policy against discrimination set out in the Human Rights Act. We will not lend credence to a view that a probationary state employee can be discharged based on the employee's sex or age. *See Bottijliso v. Hutchison Fruit Co.*, 96

N.M. 789, 792, 635 P.3d 992, 995 (Ct. App. 1981) (stating that under the doctrine of abusive discharge, "implied by operation of law as an additional condition of the contract similar to the restrictions imposed by the Equal Employment Opportunity provisions of the Civil Rights Act of 1964 . . . the interest of the employer in the exercise of his unfettered right to terminate the employee under a contract at will is balanced against the interest of the community in upholding its laws in public policy"), *overruled on other grounds by Boudar v. E.G. & G., Inc.*, 105 N.M. 151, 730 P.2d 454 (1986); *see also Been v. N.M. Dep't of Info. Tech.*, 815 F. Supp. 2d 1222, 1236 n.5 (D.N.M. 2011) (stating that, in the face of the defendant's argument that the plaintiff was a probationer under the Personnel Act, "[a]lthough an employee at will may be terminated without cause, she is still entitled to the protections of Title VII and the [Human Rights Act]"); *Vigil v. Arzola*, 102 N.M. 682, 688-89, 699 P.2d 613, 619-20 (Ct. App. 1983) (stating that "a cause of action should exist when the discharge of an employee contravenes some clear mandate of public policy" and that the Human Rights Act falls within the category of "clearly mandated public policy" (internal quotation marks and citation omitted)), *overruled on other grounds by Chavez v. Manville Prods. Corp.*, 108 N.M. 643, 777 P.2d 371 (1989). The Human Rights Act forbids an employer to discriminate against "any person otherwise qualified[.]" Section 28-1-7(A).

**{17}** We hold that the district court erred in concluding that, owing to Plaintiff's status as a probationary employee under the Personnel Act, her claim under the Human Rights Act could not stand because the Department "was permitted to terminate [her] employment without cause[.]" On remand, the district court shall determine whether Plaintiff can establish a prima facie case of discrimination and retaliation pursuant to the Human Rights Act and proceed under the analytical framework as discussed in *Garcia-Montoya*, 2001-NMSC-003, ¶ 39, and *Juneau v. Intel Corp.*, 2006-NMSC-002, ¶¶ 9, 23, 139 N.M. 12, 127 P.3d 548, to resolve the claims on their merit.

**{18}    IT IS SO ORDERED.**

 

 

 

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

 

 

**MICHAEL D. BUSTAMANTE, Judge**

 

 

**J. MILES HANISEE, Judge**

**Topic Index for *Rodriguez v. NM Dept. of Workforce Solutions*, Docket No. 30,726**

**CP          CIVIL PROCEDURE**
CP-SJ          Summary Judgment

**CR**          **CIVIL RIGHTS**
CR-AD           Age Discrimination
CR-ED           Employment Discrimination
CR-HA           Human Rights Act
CR-SX           Sex Discrimination

**EL**          **EMPLOYMENT LAW**
EL-DS           Discrimination
EL-EA           Employment at Will
EL-TE           Termination of Employment

**GV**          **GOVERNMENT**
GV-PE           Public Employees